J-A18043-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| OAKLAND PLANNING AND DEVELOPMENT CORPORATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH M. SLOMNICKI | : | |
| | : | No. 1093 WDA 2025 |
| | : | |
| APPEAL OF: JOANNE S. COHEN | : | |

Appeal from the Order Entered August 2, 2025
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 20-005734

BEFORE:  PANELLA, P.J.E., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                      **FILED: August 11, 2026**

Joanne S. Cohen ("Cohen") appeals *pro se* from the order granting the application filed by the Oakland Planning and Development Corporation ("OPDC") to sell certain real property out of a conservatorship.  We dismiss the appeal.

Given our disposition, a detailed recitation of the factual and procedural history of this matter is unnecessary.  Instead, we briefly note that the record reflects the following.  In 2020, OPDC initiated this action by filing a praecipe for *lis pendis* related to real property located at 3101 Niagara Street in Pittsburgh, and requesting the appointment of a conservator to take possession of the property, and to undertake either the rehabilitation or demolition of the property pursuant to the Abandoned and Blighted Property Conservatorship Act, 68 P.S. § 1101 *et seq*.  The property had been owned by

Cohen's brother, Joseph Slomnicki, who died intestate in 2019. The court appointed OPDC as conservator. Cohen entered the litigation as an interested party and claimed that her brother signed over, and recorded, a $60,000 first mortgage on the property to her in order to secure his commitment to repay her for payments she made to his creditors. Ultimately, OPDC filed an application to sell the property out of the conservatorship, which Cohen opposed. On August 2, 2025, the trial court entered an order granting OPDC's application to sell the property out of the conservatorship. Cohen filed a timely counseled notice of appeal to this Court.[1]

The trial court ordered Cohen to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days, and to serve a copy of the concise statement on the trial court judge. Cohen did not file a concise statement, nor did she serve a copy of the concise statement on the trial court judge.[2] The trial court then authored a Rule

_____

[1] The record reflects that Cohen retained counsel early in the proceedings, but her initial counsel petitioned to withdraw. On the last day of the appeal period, Cohen retained Nicholas DiNardo, Esquire ("Attorney DiNardo") to represent her. Attorney DiNardo filed a notice of appeal on Cohen's behalf.

[2] Attorney DiNardo requested an extension of time in which to file a concise statement, noting that he had only been retained on the last day of the appeal period. Attorney DiNardo also sought to withdraw from representation. The trial court denied the request to withdraw, but granted an extension to file the concise statement. When no statement was filed by the extension date, the trial court discovered that Attorney DiNardo had filed a petition to withdraw in this Court, which had been granted. On this basis, the trial court granted Cohen an additional thirty days, or until October 30, 2025, to file and serve a
*(Footnote Continued Next Page)*

1925(a) statement in which it concluded that all of Cohen's issues were waived based on her failure to file a concise statement or serve the judge with a copy of the Rule 1925(b) statement.

Initially we must address Cohen's failure to comply with the filing and service requirements of Rule 1925(b). In *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), the Pennsylvania Supreme Court created the bright-line rule that any issue not raised in a Rule 1925(b) statement is waived. *See id*. at 309; *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (reaffirming the "bright-line rule first set forth in *Lord*" and holding that an untimely Rule 1925(b) statement results in waiver of all issues on appeal); *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005) (holding that the "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised").

However, in determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation under the rule. *See Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1007-08 (Pa. 2010) (plurality); *see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88

---

concise statement. Cohen did not file or serve a concise statement by the deadline. Instead, on October 6, 2025, she submitted a one-page handwritten note wherein she stated "I DO hereby OBJECT within my 5 day window to object." *See* Letter, 10/3/25.

- 3 -

A.3d 222, 225 (Pa. Super. 2014) (*en banc*). Therefore, we look first to the language of that order. ***See id***.

Pertinently, Rule 1925(b)(3) provides that:

[t]he judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and **both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement**. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement **timely filed and served pursuant to subdivision (b)** shall be deemed waived.

Pa.R.A.P. 1925(b)(3) (emphasis added). Where the trial court's order is inconsistent with the requirements of Rule 1925(b)(3)(iii), the waiver provisions of subsection (b)(4)(vii) do not apply. ***See Berg***, 6 A.3d at 1011.

Here, the trial court's Rule 1925(b) order stated, in relevant part:

**AND NOW**, this 4th day of September 2025, the court hereby ORDERS, ADJUDGES, AND DECREES:

In accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Appellant(s) must file of record and serve on this court a concise statement of the matters complained of on appeal, no later than 21-days from the date of the entry of this order. A copy of the concise statement must be filed with my chambers at Courtroom 704 of the City-County Building. In addition, please serve the opposing party and file the document with the Dept. of Court Records.

Rule 1925(b) Order, 9/4/25 (unnecessary capitalization omitted).

Our review of the Rule 1925(b) order reflects that, while it arguably appraised Cohen of "the place the appellant can serve the Statement in person," it failed to appraise Cohen of "the address to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii). Thus, due to this deficiency in the Rule 1925(b) order, we decline to find waiver based on Cohen's failure to file and serve the concise statement. *See Berg*, 6 A.3d at 1011.

However, although we decline to find waiver based on Cohen's failure to file and serve a concise statement, we cannot overlook the significant deficiencies in Cohen's brief to this Court. Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defects in the brief are substantial. *See Karn v. Quick & Reilly*, 912 A.2d 329, 335 (Pa. Super. 2006); *see also* Pa.R.A.P. 2101 (providing that, if the appellant's brief fails to conform with the rules of appellate procedure in all material respects, the appeal may be quashed or dismissed).

The Pennsylvania Rules of Appellate Procedure include several mandatory briefing requirements. Pa.R.A.P. 2111(a) provides that the brief of the appellant shall consist of, *inter alia*, the following matters, separately and distinctly entitled:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

* * * *

(8) Argument for appellant.

Pa.R.A.P. 2111(a).

Here, Cohn's *pro se* appellate brief does not comply with the mandates of Rule 2111(a) by including these required sections. The entirety of Cohen's "brief" on appeal consists of a half-page handwritten cover letter and a one-page handwritten letter to the prothonotary of this Court. The brief does not include a statement of jurisdiction. **See** Pa.R.A.P. 2111(a)(1); **see also** Pa.R.A.P. 2114 (requiring the statement of jurisdiction to "contain a precise citation to the statutory provision, general rule or other authority believed to confer on the appellate court jurisdiction to review the order or other determination in question"). The brief does not identify the order or other determination that Cohen seeks to challenge. **See** Pa.R.A.P. 2111(a)(2); **see also** Pa.R.A.P. 2115 (providing that "the text of the order or other determination from which an appeal has been taken or which is otherwise sought to be reviewed shall be set forth verbatim immediately following the statement of jurisdiction"). The brief does not provide either the scope of

review or the standard of review that this Court must apply in relation to the issues on appeal. **See** Pa.R.A.P. 2111(a)(3). The brief does not include a statement of the questions involved in the appeal. **See** Pa.R.A.P. 2111(a)(4); **see also** Pa.R.A.P. 2116 (providing that "[n]o question will be considered unless it is stated in the statement of questions involved"). The brief does not include a statement of the case, including: a statement of the form of action; a brief procedural history of the case; or a closely condensed chronological statement of all the facts which are necessary to be known to determine the point in controversy, with appropriate references to the places in the record where the evidence substantiating the fact relied upon may be found. **See** Pa.R.A.P. 2111(a)(5); **see also** Pa.R.A.P. 2117. The brief does not include a summary of the argument, providing a concise, but accurate, summary of the arguments presented in support of the issues raised. **See** Pa.R.A.P. 2111(a)(6); **see also** Pa.R.A.P. 2118.

With respect to the argument section of an appellant's brief, this Court has explained:

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited.
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted); ***see also*** Pa.R.A.P. 2119(a) (stating that the argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority).

In her brief, Cohen does not designate any section as the "argument" section of the brief. Nor has she identified any issues on appeal. Athough she provides a citation to a single case, she provides no explanation or discussion as to how the case applies to the instant matter.

In sum, Cohen's brief bears extensive deficiencies and is noncompliant with our Rules of Appellate Procedure. As these extensive briefing deficiencies prevent meaningful appellate review, we are constrained to dismiss the appeal.[3]

Appeal dismissed.

---

[3] We are mindful that Cohen is proceeding *pro se*. However, the fact that an appellant is acting *pro se* does not relieve them of the responsibility to comply with the rules of appellate procedure. ***See In re Ullman***, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (noting that "*pro se* status confers no special benefit upon the appellant"); ***see also Cole v. Czegan***, 722 A.2d 686, 687 (Pa. Super. 1998) (holding that a *pro se* appellant has a duty to file a comprehensible brief and to raise and develop properly his appellate issues).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

8/11/2026